UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC HERNANDEZ, <br><br> Plaintiff, <br><br> v. <br><br> DELTA STAR, INC., <br><br> Defendant. | Case No. 22-cv-07354-VC <br><br> **ORDER GRANTING MOTION TO REMAND** <br><br> Re: Dkt. No. 10 |

     The motion to remand is granted because there is no subject-matter jurisdiction. This order assumes the reader is familiar with the case.

     There is no federal-question jurisdiction. Hernandez brings a PAGA action under California law; the only question is whether his state-law cause of action is truly a federal cause of action because of complete preemption. *Curtis v. Irwin Industries*, 913 F.3d 1146, 1151–52 (9th Cir. 2019). Such a transformation can occur when an action involves a right that exists solely because of a collective bargaining agreement. *Id.* at 1152–53. That is not the case here. Alternatively, such a transformation can occur when adjudicating the dispute requires interpreting—not merely referencing—a collective bargaining agreement. *Id.* at 1153. "'[I]nterpretation' is construed narrowly in this context" to mean "an active dispute over the meaning of contract terms." *Id.* Hernandez was not himself subject to a collective bargaining agreement, although he seeks to represent other employees who were. That unusual situation is unnecessary to address because Delta Star has made no effort to point to any active dispute over the meaning of the contract terms. There is therefore no need to interpret the agreement.

     Nor is there diversity jurisdiction. Hernandez is a citizen of California, while Delta Star is

incorporated in Delaware and has its principal place of business in Virginia. Hernandez argues that California is the real party in interest, and that there cannot be complete diversity because states are not "citizens" for purposes of diversity jurisdiction. That argument may be right. *See Viking River Cruises, Inc. v. Moriana*, 142 S. Ct. 1906, 1914 n.2 (2022) (assuming that PAGA plaintiffs are agents of California based on state precedent describing California as the real party in interest); *cf. Illinois ex rel. Foxx v. Facebook* (*In re Facebook, Inc., Consumer Privacy User Profile Litigation*), 354 F. Supp. 3d 1122 (N.D. Cal. 2019).

It is not necessary to resolve that question, however, as the amount in controversy requirement is not satisfied. In PAGA actions, penalties based on other employees' rights cannot be aggregated into the amount in controversy. *Urbino v. Orkin Services of California, Inc.*, 726 F.3d 1118, 1122 (9th Cir. 2013). Courts differ on whether California's 75% interest in any recovery can be counted; the better view is that it should be included. *See Patel v. Nike Retail Services, Inc.*, 58 F. Supp. 3d 1032, 1043–48 (N.D. Cal. 2014) (reasoning that any interest retained by California is "held in common with the individual worker[]"). Delta Star bases its calculation on its records showing that Hernandez worked for eight pay periods, and assuming only the first would be penalized at the lower initial rate—a reasonable inference from Hernandez's demand for the lower penalties for "*the* initial violation" and the higher penalties "for each subsequent violation," Compl. 7 (emphasis added)—then the amount in controversy for Hernandez's individual claim is $13,850. To get over the $75,000 threshold, Delta Star relies on attorney's fees, which may properly be included. *Fritsch v. Swift Transportation Company of Arizona, LLC*, 899 F.3d 785, 795 (9th Cir. 2018). But the burden is on Delta Star to establish the amount in controversy, and district courts must determine when the amount of future fees is too speculative. *Id.* Here, Delta Star's calculations assume that this is a standard wage-and-hour case yet ignore the parallel class action being litigated by the same plaintiff's counsel. *Wilson v. Delta Star*, N.D. Cal. Case No. 21-cv-07326. The existence of the other case is likely result in time savings sufficient to reduce the total fees by a significant amount, bringing the amount in controversy under $75,000 and depriving this Court of jurisdiction. That may seem to reward the

plaintiff's attorneys for bringing separate actions, but they—and their clients—are allowed to do so.

The case is ordered remanded to San Mateo County Superior Court.

**IT IS SO ORDERED.**

Dated: February 2, 2023

VINCE CHHABRIA
United States District Judge